IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA THOMAS HICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-066 |
| | ) | |
| TIMOTHY MILLER; WALMART, INC.; | ) | |
| WAL-MART STORES EAST, LP; JOHN | ) | |
| DOE; JANE DOE; and ABC CORP., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is Defendants Miller, Walmart Inc., and Wal-Mart Stores East, LP Motion to Stay Discovery (hereinafter "Defendants' Motion to Stay"). (Doc. no. 8.) For the reasons set forth below, the Court **GRANTS IN PART** the motion to stay.

**I.     Defendants' Motion to Stay**

On May 15, 2020, Defendants Miller, Walmart Inc., and Wal-Mart Stores East, LP requested a stay of discovery pending resolution of a pre-answer motion to dismiss, which seeks dismissal of the claims against Mr. Miller only on the basis of fraudulent joinder. (Doc. no. 7.)   The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

When balancing the costs and burdens to the parties, the Court concludes discovery should not be stayed as to all Defendants because Walmart Inc., and Wal-Mart Stores East, LP will remain parties even if the motion to dismiss is granted.  (Id. at 3-4.)  There is no benefit, therefore, in staying discovery with respect to claims against them.  The Court **STAYS** discovery with respect to Defendant Miller, but only for discovery propounded to him as a party.  The Court does not stay discovery obtainable from Defendant Miller as a non-party, including by deposition or subpoena**.**  The Court will not stay discovery regarding the remaining defendants.  For these reasons, the Court **GRANTS IN PART** Defendants' motion to stay.  (Doc. no. 8.)

## II.     Amount In Controversy

Plaintiff alleges Defendants are liable for injuries sustained when a door came off its hinges and knocked Plaintiff to the ground.  (See doc. no. 1-2, pp. 10-19.)  Although there is no specific amount of damages claimed in Defendants' notice of removal or motion to dismiss, Plaintiff served responses to Defendants' first interrogatories identifying $59,438.49 in medical expenses, with no identification to the amount of her alleged lost wages to date.  (Doc. no. 1, ¶ 13.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  Id.  Further, the burden of proving the jurisdictional amount lies with the removing defendant.  Id.

2

Here, Plaintiff does not request a specific amount of damages in the complaint. (See doc. no. 1-2, pp. 10-19.) The stated basis for satisfaction of the amount in controversy is "a permissible award at trial [that] would likely be in excess of $75,000, exclusive of interests and costs." (Doc. no. 1, ¶ 15.) Defendants further assert the removal notice was filed within thirty days of receiving Plaintiff's responses to their interrogatories and her subsequent pre-suit $850,000 demand. (Id. ¶ 16.) While a settlement offer is relevant to determining the amount in controversy, it is not determinative that the case meets the jurisdictional amount. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Thus, it is not facially apparent from the complaint that Plaintiff's claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** the removing Defendants to provide sufficient evidence **within fourteen days of the date of this Order** that the jurisdictional amount is in controversy.

SO ORDERED this 16th day of June, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA